IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re | Chapter 7 |
| DONALD INSLEY, | Case No.  03-34234-MBM |
| Debtor. | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |
| ROBERT J. LOWTHER, | Adversary No.  04-02690-MBM |
| Plaintiff, | Document No. |
| v. | Related to Document Nos.  23 |
| DONALD INSLEY, | Hearing Date:  December 16, 2004 at 10:30 a.m. |
| Defendant. | |

**BRIEF IN OPPOSITION TO PLAINTIFF'S**
**MOTION TO COMPEL**

AND NOW, comes the Defendant, Donald Insley ("Mr. Insley"), by his undersigned counsel, and files this Brief in Opposition to the Plaintiff's Motion to Compel, and in support thereof, states as follows:

I.     FACTS

On March 17, 2004, this Court entered an Order granting the Plaintiff an extension of time to file a complaint objecting to Mr. Insley's discharge, to the dischargeability of his debt, and to his claimed exemptions.  The purpose of the extension of time was to allow the Plaintiff an opportunity to investigate Mr. Insley's affairs in an effort to determine whether to file such a complaint.  On March 30, 2004, the Plaintiff sent Mr. Insley his first discovery request seeking the production of 30 separate categories of documents.  On April 16, 2004, Mr. Insley sent Plaintiff his responses thereto.  A copy of the letter directed to Plaintiff's counsel and Mr. Insley's responses are attached hereto as Exhibit "A."

Mr. Insley provided full and complete responses to each and every request, with only a few exceptions, namely (i) he did not provide documents that belong solely to his spouse because she is not a party and is not represented by the undersigned; and (ii) he did not provide "all corporate records of Allegheny Metalworking Corporation" and "all corporate records of Insmer Real Estate Partnership" on several bases, including that the requests were simply overly broad. Moreover, all Allegheny Metalworking Corporation ("AMC") and Insmer Real Estate documents that may possibly be relevant to the Plaintiff's case were in the possession, custody and control of the Chapter 7 Trustee appointed in the AMC bankruptcy case. Upon information and belief, the Chapter 7 Trustee released control of those documents directly to the Plaintiff months ago. Mr. Insley has no knowledge as to where they may be at this time.

Notwithstanding that Mr. Insley set forth various objections to the remaining document requests, he nonetheless complied by making **all** such documents in his possession, custody, or control available for the Plaintiff's review. In fact, on April 29, 2004, the Plaintiff's lawyer, along with a CPA, appeared at the undersigned's office and reviewed all of the documents.

On May 21, 2004, the Plaintiff sent Mr. Insley a second discovery request consisting of 16 separate categories of documents (the "Second Request"). On June 7, 2004, prior to the time when Mr. Insley's responses thereto were due, the Plaintiff filed the above-captioned adversary proceeding (the "Complaint").

Notwithstanding that the filing of the Complaint mooted the necessity of responding to the Second Request (after all, the discovery propounded by the Plaintiff was done so in order to enable him to file the action), on June 24, 2004, Mr. Insley did in fact send Plaintiff's counsel responses to those requests. Each response set forth an objection or objections on one or more of several bases, as follows:

    a. The Plaintiff was given the opportunity in the bankruptcy case to conduct discovery for purposes of determining whether to file a complaint and,

2

        inasmuch as the Plaintiff filed a complaint, the discovery request became moot;

    b. The request was a mere duplicate of one contained in the Plaintiff's first discovery request;

    c. The request simply sought information covering a period of 48 months prior to the filing of the bankruptcy case when the first discovery request asked for precisely the same information covering a period of only 24 months. Mr. Insley believed and continues to believe that such a request is unduly burdensome.

A copy of Mr. Insley's responses is attached hereto as Exhibit "B."

Shortly after the Complaint was filed, Mr. Insley filed a motion to dismiss the Complaint, and after notice and hearing thereon, this Court entered a Memorandum Opinion and Order of Court dated August 24, 2004 (the "Order"), a copy of which is attached hereto as Exhibit "C". The only count of the Complaint that survived the Order is the one seeking denial of Mr. Insley's discharge under Bankruptcy Code §§ 727(a)(2), (3), (4), and (5). The Order specifically overruled, among other things, "that portion of [the Plaintiff's] discharge objection that is predicated upon an alleged fraudulent transfer of funds to the Debtor from Allegheny Metalworking Corporation" (i.e., the Court expressly overruled the objection to discharge under § 727(a)(2) as it would apply through § 727(a)(7)).

The Plaintiff now seeks an Order from this Court directing Mr. Insley to respond to the items sought in the Second Request, many of which (i) are not designed to lead to admissible evidence, especially in light of the Order; (ii) are merely duplicative of requests that were earlier asked and answered; or (iii) are simply overly broad.

II.     ARGUMENT

First and foremost, the Plaintiff is not entitled to any responses inasmuch as the Second Request was sought in Mr. Insley's bankruptcy case for purposes of determining whether to file a

3

complaint in the first place. The Complaint has been filed. In and of itself, the filing of the Complaint should moot the Second Request.

Second, after the Complaint was filed, this Court entered an Order that severely limited the scope of the Plaintiff's cause of action: only part of the Plaintiff's § 727 count remains viable. Accordingly, significant portions of the Second Request are now moot (e.g., the items that seek information clearly designed for purposes of pursuing a fraudulent transfer claim). Contrary to the Plaintiff's arguments in section B(2) of his brief, inasmuch as the Order severely limited the Plaintiff's cause of action, the Second Request, sent before the Plaintiff filed the Complaint, simply seeks in many instances to obtain information that cannot possibly lead to evidence admissible in a Bankruptcy Code § 727 cause of action. Illustrative of this, the Plaintiff, on the heels of his first discovery request seeking information covering a period of 24 months now requests the same information covering a period of 48 months, clearly designed in pursuit of a fraudulent transfer theory.[1] See, Exhibit "B" attached hereto, document request numbers 2, 8, 9, 12, 13, and 14. See also, Exhibit "A" attached hereto, document request numbers 2-8, 10-11, and 21-23.

Third, as pointed out at the hearing held December 16, 2004 in connection with the Plaintiff's motion to compel, many of the items contained in the Second Request are merely duplicative of items that were asked and answered in the first discovery request.

With respect to the Plaintiff's arguments in section B(1) of his brief, the Plaintiff incompletely quotes the objections Mr. Insley has asserted. The grounds upon which Mr. Insley set forth his objections to the specific discovery requests speak for themselves as set forth in Exhibit "B" attached hereto. Moreover, the Plaintiff in his brief incorrectly accuses Mr. Insley of raising objections to the discovery requests at the hearing which objections were not set forth in

---

[1] This Court recognized that very issue at the hearing held December 16, 2004, a transcript of which is attached hereto as Exhibit "D". For a point of reference, please see Mr. Insley's counsel's argument beginning at the bottom of page 9 of the transcript, as well as the Court's dialogue with Plaintiff's counsel beginning on page 11 thereof.

4

the responses.  As the transcript of the hearing to consider the Plaintiff's motion to compel will bear out, Mr. Insley's counsel did not set forth any new objection at the hearing, but merely explained the existing discovery responses.  A copy of the transcript of that hearing has been attached hereto as Exhibit "D".

Contrary to the Plaintiff's arguments in section B(3) of the Plaintiff's brief, at the heart of the Second Request is an alleged fraudulent transfer from AMC to Mr. Insley that allegedly took place in or about June of 2001.  First, and as has been repeated numerous times, a fraudulent transfer claim cannot be maintained by the Plaintiff (i.e., that right was exclusively the Trustee's).[2]  Second, as it may pertain to any action "in another case…concerning an insider" as set forth under Bankruptcy Code §727(a)(7), the lookback period is specifically only 1 year: accordingly, the Order struck the Plaintiff's objections to discharge predicated on an alleged fraudulent transfer from AMC to Mr. Insley.

Finally, contrary to the Plaintiff's arguments in section B(4) of his brief, as has been repeated ad nauseum, the right to pursue any fraudulent transfer claim belongs to the Chapter 7 Trustee alone.  The tolling concept which the Plaintiff has advanced in his brief cannot apply in this case since that issue has already been decided by this Court (i.e., any fraudulent transfer claim must be pursued by the Trustee only):  were there any ability to raise a tolling argument, that issue would be the Trustee's, not the Plaintiff's.[3]  To the extent Mr. Insley even needs to respond to the assertions pertaining to the Bankruptcy Code §546(a) statute of limitations, the

---

[2] For the record, Mr. Insley denies that he was at any time whatsoever the recipient of any alleged fraudulent transfer from AMC or any other person or entity.

[3] The Chapter 7 Trustee in the AMC bankruptcy case, Stanley Makoroff, has not sought any discovery, nor has he filed any cause of action in that case.  The case has been pending for well over two years.  Mr. Makoroff has been familiar with the Plaintiff's fraudulent transfer theory for a significant time (i.e., **at a minimum** since the hearing held March 9, 2004 to consider the Plaintiff's motion that sought an extension of time for filing a complaint). See, Transcript of the hearing held March 9, 2004, page 10, lines 11-20, attached as Exhibit A to Mr. Insley's Motion to Dismiss.  Mr. Makoroff has also had several conferences with the undersigned as well as the Plaintiff's counsel.  He has simply not filed any timely complaint (i.e., the AMC bankruptcy case was filed November 25, 2002: the time for seeking a fraudulent transfer claim ran two years from the entry of the order for relief as set forth under Bankruptcy Code § 546(a)).

5

concept of equitable tolling that the Plaintiff cites is simply inapplicable in this case. Contrary to the <u>Nasr</u> and <u>Martin</u> cases that the Plaintiff has cited, the Chapter 7 Trustee in Mr. Insley's case has had knowledge of all the issues asserted by the Plaintiff for many, many months, if not more than a year, at this point. <u>See</u> *infra* note 3. In the event Mr. Makoroff thought there were any substance to the claim, he could have filed a complaint or at the very least filed a timely motion for an extension of time to file such a complaint. He simply has not done so and his time for so doing has come and gone (i.e., the AMC bankruptcy case was filed November 25, 2002: the time for seeking a fraudulent transfer claim ran two years from the entry of the order for relief as set forth under Bankruptcy Code § 546(a)). While Mr. Insley would deny any such accusation in any event, the plain and simple truth is that the trustee's time has run.

### III. CONCLUSION

For all of the foregoing reasons, this Court should deny the Plaintiff's motion to compel and should require that the Plaintiff use the information he has currently obtained to attempt to prove his case seeking denial of Mr. Insley's discharge. At this point, all the Plaintiff is doing is forcing Mr. Insley to deplete what little financial resources he has in an effort to fight a meritless battle.

WHEREFORE, Mr. Insley respectfully requests that this Honorable Court deny the Plaintiff's motion and enter an appropriate pre-trial order.

Respectfully submitted

CAMPBELL & LEVINE, LLC

Dated:   February 11, 2005

By:   /s/ Ronald B. Roteman
Ronald B. Roteman, Esquire
PA I.D. No. 66809
1700 Grant Building
Pittsburgh, PA 15219
(412) 261-0310

6

**CERTIFICATE OF SERVICE**

I, Ronald B. Roteman, hereby certify that on the 11th of February, 2005 I caused a true and correct copy of the Brief in Opposition to Motion to Compel to be served by first class mail, postage prepaid upon the following:

Guy C Fustine, Esquire
Knox, McLaughlin Gornall & Sennett, P.C.
120 West Tenth Street
Erie, PA  16501

Stanley G. Makoroff, Esquire
1200 Koppers Building
Pittsburgh, PA  15219

By:   /s/ Ronald B. Roteman
Ronald B. Roteman, Esquire
PA I.D. No.  66809
CAMPBELL & LEVINE, LLC
1700 Grant Building
Pittsburgh, PA  15219